**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol M Whitmire, | No. CV-17-08108-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Wal-Mart Stores Incorporated, | |
| Defendant. | |

Defendant Wal-Mart Stores, Inc. ("Defendant") has moved for summary judgment. (Doc. 32). For the reasons set forth below, the Court declines to rule at this time and, instead, orders the parties to provide supplemental briefing.

**I.   BACKGROUND**

In the November 2010 general election, Arizona voters enacted the Arizona Medical Marijuana Act ("AMMA"), A.R.S. § 36-2801 *et seq.*, by ballot initiative. *State v. Gear*, 372 P.3d 287, 288 (Ariz. 2016). Under the AMMA "a 'qualifying patient' diagnosed with a 'debilitating medical condition' may obtain a registry card from the Arizona Department of Health Services" to buy and use medical marijuana. *Id.* (citing A.R.S. §§ 36-2801(3), (13), -2804.02). In addition to broadly immunizing qualified patients from criminal and civil penalties for using medical marijuana,[1] the AMMA also contains an anti-discrimination provision, A.R.S. § 36-2813(B). This portion of the AMMA provides, in relevant part, that an employer may not discriminate against a

---

[1] *See* A.R.S. § 36-2811(B)(1); *Reed-Kaliher v. Hoggatt*, 347 P.3d 136, 139 (Ariz. 2015).

registered qualifying patient by terminating that individual based upon his or her "positive drug test for marijuana components or metabolites unless the patient used, possessed or was impaired by marijuana on the premises of the place of employment or during the hours of employment." *Id.* at § 36-2813(B)(2). While the AMMA does not prohibit an employer from terminating an employee for "working while under the influence of marijuana," *id.* at § 36-2814(B), the AMMA clarifies that "a registered qualifying patient shall not be considered to be under the influence of marijuana *solely because of the presence of metabolites* or components of marijuana that appear in insufficient concentration to cause impairment," *id.* at § 36-2814(A)(3) (emphasis added). Here, Carol M. Whitmire ("Plaintiff") claims that her termination constitutes unlawful discrimination under the AMMA, A.R.S. § 36-2813(B). (Doc. 1 at 4–5).

In its Answer and throughout its Motion for Summary Judgment, Defendant asserts as an affirmative defense that it is protected from litigation because "it has established a policy and implemented a drug testing program" in compliance with A.R.S. § 23-493.06 of Arizona's Drug Testing of Employees Act ("DTEA"). (Doc. 6 at 9; Doc. 32 at 9). This section of the DTEA exempts an employer from liability for "actions based on the employer's good faith belief that an employee had an impairment while working while on the employer's premises or during hours of employment." A.R.S. § 23-493.06(A)(6). The DTEA further states that an employer's good faith belief may be based on "[r]esults of a test for the use of alcohol or drugs." *Id.* at § 23-493(6). Notably, sections 23-493(6) and 23-493.06(A)(6) of the DTEA were enacted by the Arizona Legislature in April 2011 via H.B. 2541 in response to the enactment of the AMMA. *See* Arizona Senate Fact Sheet, 2011 Reg. Sess., H.B. 2541 (Mar. 25, 2011).

**II. ANALYSIS**

It appears to the Court that there is a conflict between the AMMA and the DTEA, as the AMMA states that "a registered qualifying patient shall not be considered to be under the influence of marijuana solely because of the presence of metabolites or components of marijuana that appear in insufficient concentration to cause impairment,"

*id.* at § 36-2814(A)(3), whereas the DTEA permits an employer to base its "good faith belief that an employee had an impairment while working" on the results of a drug test, *id.* at §§ 23-493(6), -493.06(A)(6). It further appears to the Court that the conflict between the AMMA and the DTEA—the former being enacted by ballot initiative and the latter by the Arizona Legislature—must be resolved in favor of rendering the conflicting portions of the DTEA unconstitutional.[2]

Should the Court find that sections 23-493(6) and 23-493.06(A)(6) of the DTEA unconstitutionally amended the AMMA, Defendant's defense—that the results of Plaintiff's drug test, which "was positive for marijuana metabolites at a level of greater than 1000 ng/ml, the highest level the test could record," gave Walmart "a good faith basis to believe Plaintiff was impaired by marijuana" at work—would fail. (Doc. 32 at 9). Further, there is no other evidence indicating that Plaintiff was impaired at work or expert testimony establishing that the level of metabolites present in Plaintiff's positive drug screen demonstrates that marijuana was present in her system in a sufficient concentration to cause impairment. In the absence of any such expert testimony or evidence demonstrating impairment, it appears that it would be appropriate to grant summary judgment to Plaintiff on her discrimination claim under the AMMA pursuant to Fed. R. Civ. P. 56(f),[3] as sections 36-2813(B)(2) and 36-2814(A)(3) of the AMMA grant Plaintiff protection against termination in the absence of evidence that she was impaired.

---

[2] *See* Ariz. Const. art. IV, Pt. 1 § 1(6)(C) ("The legislature shall not have the power to amend an initiative measure approved by a majority of the votes cast thereon, or to amend a referendum measure decided by a majority of the votes cast thereon, unless the amending legislation furthers the purposes of such measure and at least three-fourths of the members of each house of the legislature . . . vote to amend such measure."); *Cave Creek Unified Sch. Dist. v. Ducey*, 308 P.3d 1152, 1158 (Ariz. 2013) ("[W]e have recognized that a statute can be implicitly repealed or amended by another through 'repugnancy' or 'inconsistency.' . . . Although the finding of an implied repeal or amendment is generally disfavored, it is required when conflicting statutes cannot be harmonized to give each effect and meaning.") (internal citations omitted); *see also State v. Maestas*, 417 P.3d 774, 779 (Ariz. 2018) (holding that the offending statute "does not further the purpose of the AMMA" and, therefore, violates the Voter Protection Act, Ariz. Const. art. IV, Pt. 1 § 1).

[3] Fed. R. Civ. P. 56(f) permits the court to "grant summary judgment for a nonmovant" and grant a summary judgment motion "on grounds not raised by a party," so long as the court gives "notice and a reasonable time to respond" prior to doing so.

- 3 -

1 | *See* A.R.S. § 36-2813(B)(2).[4]

Accordingly,

**IT IS ORDERED** that the parties shall file simultaneous briefs by **Friday, December 7, 2018** on: (1) why the Court should or should not hold that sections 23-493(6) and 23-493.06(A)(6) of the DTEA unconstitutionally amended the AMMA; and (2) if the Court does find these sections of the DTEA unconstitutional under the Voter Protection Act, why Plaintiff should or should not be entitled to summary judgment on her claim under the AMMA pursuant to Fed. R. Civ. P. 56(f). No responses or replies to the supplemental briefs will be permitted.

**IT IS FURTHER ORDERED** that each brief shall not exceed 10 pages in length.

Dated this 21st day of November, 2018.

James A. Teilborg
Senior United States District Judge

---

[4] To be clear, the Court is *not* now holding that sections 23-493(6) and 23-493.06(A)(6) of the DTEA unconstitutionally amended the AMMA, or that Plaintiff is entitled to summary judgment on her claim under the AMMA.