Joshua W. Carden, SBN 021698
JOSHUA CARDEN LAW FIRM, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Whitmire, an individual,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Wal-Mart Stores, Inc.<br><br>　　　　　　　Defendant. | No. 3:17-cv-08108-JAT<br><br>**NOTICE OF CONSTITUTIONAL QUESTION** |

　　　Comes now the Plaintiff in the above listed matter and files this notice of constitutional question under Fed. R. Civ. P. 5.1(a). The question is triggered in this case from A.R.S. § 23-496.06, which exempts an employer from liability for "actions based on the employer's good faith belief that an employee had an impairment while working while on the employer's premises or during hours of employment." Arizona's Drug Testing of Employees Act ("DTEA"), A.R.S. § 23-493.06(A)(6). The DTEA further states that an employer's good faith belief may be based on "[r]esults of a test for the use of alcohol or drugs." *Id*. at § 23-493(6). Sections 23-493(6) and 23-493.06(A)(6) of the DTEA were enacted by the Arizona Legislature in April 2011 via H.B. 2541 in response to the enactment of the Arizona Medical Marijuana Act. See Arizona Senate Fact Sheet, 2011 Reg. Sess., H.B. 2541 (Mar. 25, 2011). In contrast, the AMMA forbids discrimination by employers against medical marijuana cardholders based on a positive drug test, unless the employee "unless the patient used, possessed or was impaired by marijuana on the premises of the place of employment or during the hours of employment." A.R.S. § 36-2813. The AMMA goes on to state that "a registered qualifying patient shall not be considered to be under the

influence of marijuana solely because of the presence of metabolites or components of marijuana that appear in insufficient concentration to cause impairment." A.R.S. § 36-2810.

The resulting constitutional question is:

**Do A.R.S. §§ 23-496(6) and/or 23-496.06(A)(6) unconstitutionally amend or implicitly repeal A.R.S. §§ 36-2813 & 36-2814 in violation of the Voter Protection Act, Ariz. Const. art. IV, Pt. 1 § 1.**

The papers that raise this issue are the Defendant's Motion for Summary Judgment (Doc. 32) and supporting Separate Statement of Facts (Doc. 33); Plaintiff's Response to the Motion for Summary Judgment (Doc. 35) and supporting Controverting and Additional Statements of Fact (Doc. 36), Defendant's Reply Brief (Doc. 37), and the Court's Order (Doc. 44).

Respectfully submitted this 21st day of November, 2018,

JOSHUA CARDEN LAW FIRM, P.C.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorneys for Plaintiff*
*Carol Whitmire*

**CERTIFICATE OF SERVICE**

I certify that on the 21st day of November, 2018, I electronically transmitted a PDF version of this document to the Office of the Clerk of the Court, using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed for this matter:

Steven Biddle
Stanley Foreman
LITTLER MENDELSON P.C.
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

I further certify that on the 21st day of November, 2018, I served a copy of the foregoing, together with Docs. 32, 33, 35, 36, 37 & 44, via certified mail, return receipt requested on:

The Honorable Mark Brnovich
Arizona Attorney General
2005 N. Central Ave.
Phoenix, AZ 85004

/s/Joshua W. Carden