**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol M Whitmire, <br><br> Plaintiff, <br><br> v. <br><br> Wal-Mart Stores Incorporated, <br><br> Defendant. | No. CV-17-08108-PCT-JAT <br><br> **CERTIFICATION OF CONSTITUTIONAL QUESTION TO THE ATTORNEY GENERAL FOR THE STATE OF ARIZONA** |

Pursuant to Fed. R. Civ. P. 5.1(b) and 28 U.S.C. § 2403(b), the Court hereby certifies to the Attorney General for the State of Arizona that a constitutional challenge to a state statute has been presented in this case. At issue is whether A.R.S. §§ 23-493(6) and/or 23-493.06(A)(6) unconstitutionally amend or implicitly repeal A.R.S. §§ 36-2813(B)(2) and 36-2814(A)(3) in violation of the Voter Protection Act, Ariz. Const. art. IV, Pt. 1 § 1. The Arizona statutes at issue affect the public interest.

The paper that raises this constitutional issue is the Court's November 21, 2018 Order (Doc. 44). In accordance with Fed. R. Civ. P. 5.1(a), Plaintiff filed a Notice of Constitutional Question (Doc. 45) on November 21, 2018.[1] Plaintiff certified that she

---

[1] Although Plaintiff filed a Notice of Constitutional Question on November 21, 2018 (Doc. 45), the Court notes that Plaintiff referenced the wrong statutes on page two of this Notice. Plaintiff stated that the constitutional question at issue is: "Do A.R.S. §§ *23-496(6)* and/or *23-496.06(A)(6)* unconstitutionally amend or implicitly repeal A.R.S. §§ 36-2813 & 36-2814 in violation of the Voter Protection Act, Ariz. Const. art. IV, Pt. 1 § 1." (Doc. 45 at 2) (emphasis added). The Court believes Plaintiff's reference to A.R.S. §§ 23-496(6) and/or 23-496.06(A)(6) was a typographical error, as the statutes in issue are actually A.R.S. §§ 23-493(6) and 23-493.06(A)(6). Despite this minor typographical error, the Court believes Plaintiff's Notice of Constitutional Question (Doc. 45) is sufficient for purposes of commencing the sixty day period in which the attorney general

served a copy of this Notice of Constitutional Question via certified mail, return receipt requested, on the Attorney General for the State of Arizona on November 21, 2018. (Doc. 45).

The Clerk shall serve a copy of this Certification on the Office of the Attorney General for the State of Arizona via certified mail, along with a copy of the Court's November 21, 2018 Order (Doc. 44) and Plaintiff's Notice of Constitutional Question (Doc. 45). If the Attorney General chooses to intervene, he must do so **no later than sixty (60) days from the date Plaintiff filed her Notice of Constitutional Question** (Doc. 45) pursuant to Fed. R. Civ. P. 5.1(c).

Dated this 27th day of November, 2018.

James A. Teilborg
Senior United States District Judge

---

may intervene, if he so chooses. *See* Fed. R. Civ. P. 5.1(c) ("Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, *whichever is earlier. . . .*") (emphasis added).