MARK BRNOVICH
ATTORNEY GENERAL
Firm Bar No. 14000
Oramel H. Skinner (032891)
  *Chief of Special Litigation*
Andrew G. Pappas (034432)
  *Assistant Solicitor General*
2005 N. Central Ave.
Phoenix, AZ 85007
Telephone (602) 542-8327
O.H.Skinner@azag.gov

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol M. Whitmire,<br><br>Plaintiff,<br><br>vs.<br><br>Wal-Mart Stores Incorporated,<br><br>Defendant. | Case No: 17-cv-08108-PCT-JAT<br><br>**STATE OF ARIZONA'S PROPOSED *AMICUS CURIAE* BRIEF IN SUPPORT OF NO PARTY** |

The State of Arizona ("the State") respectfully offers this *amicus curiae* brief in support of no party in response to the question the Court certified to the Attorney General in the November 27, 2018 Order: whether A.R.S. §§ 23-493(6) or 23-493.06(A)(6) unconstitutionally amends or implicitly repeals A.R.S. §§ 36-2813(B)(2) and 36-2814(A)(3) in violation of the Voter Protection Act, Ariz. Const. art. IV, Pt. 1 § 1. Based on the language of the Court's November 27, 2018 Order, the question may be even narrower than that: whether an employer may be sued for firing a registered qualifying patient based solely on the results of a drug test in the absence of any other "evidence indicating that [she] was impaired at work or expert testimony establishing that the level of metabolites present in [her] positive drug screen demonstrates that marijuana was present in her system in a sufficient concentration to cause impairment." Dkt. 44 at 3. This *amicus curiae* brief goes only to these narrow questions and takes no position as to the underlying merit of any claim or defense in this case.

The answer to the constitutional question is no, there is no conflict between the Arizona Medical Marijuana Act (AMMA) and Drug Testing of Employees Act (DTEA) provisions at issue. And even if there were, the AMMA and DTEA provisions can and should be read together as follows: an employer may not be sued for firing an employee based on the employer's good-faith belief that the employee was impaired while working, where the employer's good-faith belief that the employee was impaired by marijuana at work is based on a drug test showing that "metabolites or components of marijuana" are present in scientifically sufficient concentration to cause impairment. The State takes no position on whether the drug test in this case was sufficient to support a good-faith belief under the pertinent provisions. But the provisions identified by the Court should be read in harmony to allow an employer to present a defense to liability by pointing to the DTEA and offering a drug test in support of a purported good-faith belief that a fired employee was impaired while working.

1

**BACKGROUND**

The AMMA's anti-discrimination provision provides that, "[u]nless a failure to do so would cause an employer to lose a monetary or licensing benefit under federal law or regulations, an employer may not discriminate against a person in hiring, termination or imposing any term or condition of employment or otherwise penalize a person based upon either:" (1) "[t]he person's status as a card holder," or (2) her "positive drug test for marijuana components or metabolites, unless [she] used, possessed or was impaired by marijuana on the premises of employment or during the hours of employment." A.R.S. § 36-2813(B)(1)–(2). The AMMA also provides that it does not require "[a]n employer to allow … any employee to work while under the influence of marijuana," and does not "prohibit[] an employer from disciplining an employee for … working while under the influence of marijuana." *Id.* § 36-2814(A)(3)–(B). But the AMMA specifies that "a registered qualifying patient shall not be considered to be under the influence of marijuana solely because of the presence of metabolites or components of marijuana that appear in insufficient concentration to cause impairment." *Id.* § 36-2814(A)(3).

The DTEA allows employers to establish drug-testing programs, and provides that "[n]o cause of action is or may be established for any person against an employer who established a policy and initiated" such a program for "[a]ctions based on the employer's good faith belief that an employee had an impairment while working on the employer's premises or during hours of employment." A.R.S. § 23-493.06(6). The DTEA further provides that such a "good faith belief may be based on" any number of things, including the "[r]esults of a test for the use of alcohol or drugs." *Id.* § 23-493(6)(f).

The Court certified a question to the Attorney General: whether there is a conflict between these AMMA and DTEA provisions. Dkt. 46.

**ANALYSIS**

There is no conflict between the AMMA and DTEA provisions at issue, but even if there were, they could readily be harmonized. "Whenever possible," Arizona courts "adopt a construction of a statute that reconciles it with other statutes, giving force to all

statutes involved." *Lewis v. Ariz. Dep't of Economic Sec.*, 186 Ariz. 610, 614 (App. 1996); *accord Chaparral Dev. v. RMED Int'l, Inc.*, 170 Ariz. 309, 313 (App. 1992) ("We must harmonize apparently conflicting language of different parts of the statute so as to give effect to both.").

Here, the AMMA and DTEA provisions at issue work hand-in-hand.  The AM-MA provisions are framed in negative terms: an employer *may not* fire an employee based on a positive drug test for marijuana components or metabolites, unless she used, possessed, or was impaired by marijuana at work, A.R.S. § 36-2813(B)(1)–(2), and "a registered qualifying patient *shall not* be considered to be under the influence of mariju-ana solely because of the presence of metabolites or components of marijuana that ap-pear in insufficient concentration to cause impairment," *id.* § 36-2814(A)(3) (emphasis added).  But the positive implications of these AMMA provisions are clear: an employee *may* be fired based on her positive drug test for "metabolites or components of marijua-na" *if* she possessed, used, or was impaired by marijuana at work, *see id.* § 36-2813(B)(1)–(2), and a registered qualifying patient *may* be considered to be under the influence of marijuana based solely on the presence of "metabolites or components of marijuana" that appear in *sufficient* concentration to cause impairment, *see id.* § 36-2814(A)(3).  The DTEA's implications are also clear: an employer is shielded from lia-bility for firing an employee based on the employer's good-faith belief that the employee was impaired while working, *id.* § 23-493.06(6), and that good-faith belief may be based on the results of a drug test, *id.* § 23-493(6)(f).

As relevant here, the AMMA and DTEA provisions can and should be read to-gether as follows: an employer cannot be sued for firing a registered qualifying patient based on the employer's good-faith belief that the employee was impaired by marijuana at work, where that belief is based on a drug test sufficiently establishing the presence of "metabolites or components of marijuana" sufficient to cause impairment.  The State takes no position on whether the drug test in this case—"which 'was positive for mariju-ana metabolites at a level of greater than 1000 ng/ml, the highest level the test could rec-

3

1  ord,'" Dkt. 46 at 3 (quoting Dkt. 32 at 9)—was sufficient to support such a good-faith

2  belief.  The State merely provides the Court with the State's position the statutes at issue

3  do not conflict, but instead work together to protect the rights of both registered qualify-

4  ing patients and the employers who employ those patients.

5                                  **CONCLUSION**

6          The Court should not conclude that the AMMA and DTEA provisions conflict, or

7  that the latter improperly repeals by implication the former; rather, the Court should

8  adopt a harmonizing construction of those statutes that gives effect to each of them,

9  which is the most natural reading of the statutes in any event.

10                                          MARK BRNOVICH
11                                          ATTORNEY GENERAL

12
                                            */s/ Oramel H. Skinner*
13                                          Oramel H. Skinner (032891)
                                            *Chief of Special Litigation*
14                                          Andrew G. Pappas (034432)
                                            *Assistant Solicitor General*
15                                          2005 N. Central Ave.
                                            Phoenix, AZ  85007
16                                          Telephone: (602) 542-8327
                                            O.H.Skinner@azag.gov
17

18                                          Counsel for *Amicus Curiae* State of Arizona
19

20

21

22

23

24

25

26

27

28