**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol M Whitmire, | No. CV-17-08108-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Wal-Mart Stores Incorporated, | |
| Defendant. | |

Pending before the Court is the State of Arizona's Motion for Leave to File *Amicus Curiae* Brief (Doc. 54) in support of no party.

A district court has broad discretion to permit individuals or entities to participate in a case as *amici curiae. Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) ("A federal district court possesses the inherent authority to appoint an amicus curiae to assist the court in its proceedings. . . . The privilege of being heard amicus rests solely within the discretion of the court.") (quoting *United States v. State of La.*, 751 F. Supp. 608, 620 (E.D. La. 1990)). "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." *In re Roxford Foods Litig.*, 790 F. Supp. at 997 (quoting *State of La.*, 751 F. Supp. at 620). Moreover, "[d]istrict courts frequently welcome amicus briefs from non-parties concerning legal issues that have

potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (internal quotation marks and citations omitted). Notably, however, an *amicus curiae* is not a party to the case; rather, the role of an *amicus curiae* is to provide assistance in a case of general public interest, supplement the efforts of counsel in the case, and draw the court's attention to law that escaped consideration. *Miller-Wohl Co. v. Comm'r of Labor and Indus.*, 694 F.2d 203, 204 (9th Cir. 1982) (citations omitted).

The State of Arizona points out that its interest is implicated here in light of Plaintiff's Notice of Constitutional Question (Doc. 45) and the Court's November 27, 2018 Order (Doc. 46) inviting the State to provide its thoughts on whether A.R.S. §§ 23-493(6) and/or 23-493.06(A) unconstitutionally amend or implicitly repeal A.R.S. §§ 36-2813(B)(2) and 36-2814(A)(3) in violation of the Voter Protection Act, Ariz. Const. art. IV, Pt. 1 § 1. (Doc. 54 at 1).

The Court finds that allowing the State of Arizona's Proposed *Amicus Curiae* Brief In Support of No Party (Doc. 54-1) will aid the Court in resolving the pending matters.

Accordingly,

**IT IS ORDERED** that the State of Arizona's Motion for Leave to File an *Amicus Curiae* Brief (Doc. 54) in support of no party is **GRANTED**.

Dated this 23rd day of January, 2019.

James A. Teilborg
Senior United States District Judge